[Cite as *State v. Sprinkle*, 2022-Ohio-3182.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2022-02-004 |
| Appellee, | : | O P I N I O N<br>9/12/2022 |
| | : | |
| - vs - | : | |
| | : | |
| TYLER KEITH SPRINKLE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR036034

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Michael J. Trapp, for appellant.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Tyler Sprinkle, appeals his conviction in the Warren County Court of Common Pleas for trafficking in cocaine.  For the reasons stated below, we affirm his conviction.

{¶ 2}   During the summer of 2019, the Warren County Drug Task Force was investigating Bowdie Reek for drug trafficking.  A detective on the task force, working in an

undercover capacity, made two prior cocaine purchases from Reek and arranged for a third purchase to occur in the parking lot of a Meijer store. Reek informed the undercover detective that he would arrive in a silver Mercury vehicle.

{¶ 3} Reek arranged for appellant's girlfriend, Corey Jewell, the owner of the silver Mercury, to drive him to the store in exchange for $60. Reek also gave appellant a small amount of heroin, which he used in the car on the way to the store. Appellant rode in the front passenger seat while Reek and Reek's girlfriend rode in the back of the car. Jewell drove the car into the parking lot of the Meijer store and stopped at the front doors. She exited the vehicle and entered the store. Appellant then moved from the passenger seat to the driver's seat, drove to a parking space in the parking lot, and parked the car.

{¶ 4} After Reek informed the undercover detective of his arrival and location in the parking lot, the detective drove his vehicle into the parking lot and parked behind the silver Mercury, just a few parking spaces away. Reek exited the car, walked to the detective's vehicle, and then entered the vehicle to complete the drug transaction. Appellant and Reek's girlfriend remained in the silver Mercury. After Reek completed the sale and returned to the silver Mercury, both he and appellant were arrested, and a search of the vehicle yielded additional drugs and drug paraphernalia.

{¶ 5} Appellant was indicted for complicity to trafficking in cocaine and the matter proceeded to a jury trial. At the close of the state's evidence, the trial court denied appellant's Crim.R. 29 motion for a judgment of acquittal. The trial court found appellant guilty and sentenced him to a mandatory prison term of three to four and one-half years. Appellant now appeals, raising a single assignment of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPLLEANT BY ENTERING A JUDGMENT THAT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 8} In his assignment of error, appellant argues that the trial court's conviction for trafficking in cocaine was not supported by sufficient evidence. Specifically, appellant asserts that the state failed to prove that he knowingly aided, abetted, or assisted Reek in the drug transaction. In support, appellant argues that he had no knowledge of why Reek needed a ride to the Meijer store. Appellant also argues that the act of driving the silver Mercury a short distance from the front of the Meijer store to a parking space in the lot "did nothing to assist Reek to sell cocaine," and that he did not drive to the "ultimate location" of the drug transaction. Appellant contends that he was merely present at the scene.

{¶ 9} When reviewing the sufficiency of the evidence, an appellate court examines the evidence to determine whether such evidence, if believed, would support a conviction. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. The relevant inquiry is whether, "after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113.

{¶ 10} Appellant was convicted of trafficking in cocaine under R.C. 2925.03(A)(1), which forbids an individual from knowingly selling a controlled substance. He was convicted under Ohio's complicity statute, which states that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." R.C. 2923.03(A)(2). Thus, a conviction for trafficking in violation of R.C. 2925.03(A)(1), based on a complicity theory, requires proof that the defendant "knowingly" aided and abetted the principal in committing the offense. *State v. Davis*, 12th Dist. Madison No. CA2015-05-015, 2016-Ohio-1166, ¶ 48. A person acts "knowingly" when he is aware that such circumstances probably exist. R.C. 2901.22(B).

{¶ 11} To be complicit by aiding and abetting, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the

principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *Davis* at ¶ 49. It is not enough that an individual be merely present at the scene of a crime. *State v. Slayer*, 12th Dist. Warren No. CA2006-03-039, 2007-Ohio-1659, ¶ 27. Instead, "[t]here must be some level of active participation by way of providing assistance or encouragement." *Id.* This rule exists to protect innocent bystanders who have no connection to the crime other than simply being present. *State v. Johnson*, 93 Ohio St.3d 240, 243 (2001). Aiding and abetting may be shown through direct or circumstantial evidence, and "participation in criminal intent may be inferred from presence, companionship, and conduct before or after the offense is committed." *State v. Grevious*, 12th Dist. Butler No. CA2018-05-093, 2019-Ohio-1932, ¶ 13.

{¶ 12} After a review of the record, we find that the evidence produced at trial was sufficient to convict appellant of trafficking in cocaine. The state presented sufficient circumstantial evidence that appellant knowingly aided and abetted Meek in the commission of the offense.

{¶ 13} The trial court admitted appellant's post-arrest interview with Robert Marchiny, a special agent who observed the events of the drug transaction. The jury watched the interview, in which the appellant stated that he "had an idea" as to why Reek asked Jewell to drive him to the Meijer store, which was to "drop something off." Appellant stated that he knew Reek returned from Chicago the previous day and that he saw drugs in Reek's home. Appellant also stated that he and Jewell, on more than one previous occasion, assisted Reek in dropping off either girls or drugs and that "this time it was drugs." Appellant explained, "that's why I did it—money keeps her happy and I got the drugs." Further, appellant made clear that while he may have been unaware of the amount of cocaine Reek was selling, he would have "asked for more" heroin if he knew it was "going to be that much." Appellant stated that he saw the drugs before Reek exited the vehicle, and he correctly

estimated the amount to be around two ounces. Appellant also remained in the driver's seat of the car until the transaction was complete.

{¶ 14} Viewing this evidence in a light most favorable to the prosecution, we find that a jury could reasonably conclude that appellant knowingly participated in the sale of cocaine. Appellant was aware that the circumstances of a drug transaction probably existed because he previously assisted Reek in dropping off drugs. A jury could reasonably conclude that appellant actively assisted Reek in the transaction when appellant drove Reek from the front of the Meijer store to a parking spot so Reek could complete the sale. Appellant never got out of the car and never moved from the driver's seat after seeing Reek exit the car with two ounces of cocaine. The jury determined that appellant was more than an innocent bystander and was more than merely present during the transaction. Appellant is unable to demonstrate that the evidence at trial, if believed, was not sufficient to support a conviction. Accordingly, appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

PIPER and BYRNE, JJ., concur.